IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANDRA B. WILLIAMS, | : | CIVIL ACTION NO. |
| | : | 1:19-CV-4575-TCB-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, *as Trustee on behalf of* The Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5, *et al.*, | : | |
| | : | **ORDER AND FINAL REPORT** |
| Defendants. | : | **AND RECOMMENDATION** |

Plaintiff Sandra B. Williams, proceeding *pro se*, seeks leave to file this civil action *in forma pauperis* without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that Plaintiff is unable to pay the filing fee or incur the costs of this action. The requirements of 28 U.S.C. § 1915(a)(1) are thus satisfied, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**.

However, a court must dismiss an action if at any time it determines that it lacks subject matter jurisdiction to entertain a plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In this case, it is evident that the

Court lacks subject matter jurisdiction and that the Complaint [1-1] [1-2] should be dismissed without prejudice to it being re-filed in an appropriate state court. Although it is unclear on which basis Plaintiff seeks to invoke this Court's jurisdiction, the Complaint fails to show either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 11 (1983); *see also Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

In this case, a review of the Complaint reveals that Plaintiff has asserted no federal claims. The Complaint grounds the action on "Fraud/Fraudulent Misrepresentation," an assertion that Defendants foreclosed on a property in violation of various Georgia state statutes, a contract claim based on the theory of promissory estoppel, and tort claims for wrongful foreclosure and intentional infliction of emotional distress. *See* Compl. [1-1] ¶¶ 14–31. All of these claims find their basis in state law rather than in the Constitution, laws, or treaties of the United

States. Indeed, the Complaint makes no attempt to cite to a single source of federal law that could give rise to a federal cause of action. The Complaint's citations to cases of this Court and of the Eleventh Circuit, *see id.* at ¶¶ 14, 18, provide no evidence that her claims arise under federal law, as these cases entertained state law claims similar to those presented here only where they were either attached to a properly pleaded federal cause of action or where the court exercised proper removal jurisdiction, *see Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1280 (11th Cir. 2007); *Rainey v. FMF Capital, Inc.*, No. 1:11-CV-0364-CAP, 2012 WL 12287796, at *1 (N.D. Ga. Mar. 30, 2012). Plaintiff thus has no federal cause of action with which to invoke this Court's jurisdiction.

Nor does Plaintiff have a valid basis of invoking this Court's diversity jurisdiction. 28 U.S.C. § 1332 provides, in relevant part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The phrase "citizens of different states" is interpreted to require that "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). A natural person is a citizen of

the state in which they hold domicile, which requires both residence within a state and an intent to remain there indefinitely. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). A corporate entity is a citizen of both the state of its incorporation and the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

The Complaint is plainly deficient in meeting either requirement for the invocation of diversity jurisdiction. First, the Complaint makes no allegation as to what amount is at stake in this action, let alone an allegation exceeding $75,000. Second, Plaintiff indicates that she resides in Conyers, Georgia, *see* Compl. [1-1] 13, does not indicate ties to any other state or an intent to leave the state, and indeed states in her Civil Cover Sheet that she is a citizen of the State of Georgia, *see* Civil Cover Sheet [1-3] ¶ III. Plaintiff then notes that Defendant Rubin Lublin, LLC's principal place of business is in Peachtree Corners, Georgia, making it, too, a citizen of the State of Georgia. *See* 28 U.S.C. § 1332(c)(1). Complete diversity between Plaintiff and all Defendants is thus lacking. Because neither requirement for diversity jurisdiction is met, the Court does not have diversity jurisdiction over this action.

Accordingly, while Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 21st day of October, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE